UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY WAYNE OLIPHANT, | : | |
|     Petitioner, | : | |
| v. | : | |
| | : | PRISONER |
| ANGEL QUIROS and | : | Case No. 3:09-cv-1771(VLB) |
| RICHARD BLUMENTHAL, | : | |
|     Respondents. | : | March 5, 2010 |

**RULING AND ORDER**

The petitioner has filed motions for remedy and relief, to amend his petition and for appointment of counsel.

**I. Motion for Remedy and Relief [Doc. #3]**

The petitioner alleges that, on August 4, 2009, he was kept out of his cell for over one hour while correctional officers read and confiscated various legal papers from him. The petitioner promptly notified respondent Warden Quiros, but the confiscated materials were not returned. The petitioner claims that his legal materials are routinely examined whenever he leaves his cell for showers or recreation. On October 8, 2009, the petitioner's dictionary and various legal and personal papers were removed from his cell. Only the legal papers were returned. The petitioner states that he is at a disadvantage in litigating this case and asks the Court to order the immediate return of all legal and personal property and to order that he be given timely legal telephone calls as well as photocopies of legal documents upon request.

The Court assumes that the petitioner is attempting to seek relief for denial

of access to the courts.  It is well settled that inmates have a First Amendment right of access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828  (1977) (modified on other grounds by  Lewis v. Casey, 518 U.S. 343, 350 (1996)).  To state a claim for denial of the right of access to the courts, the petitioner must show that the respondents acted deliberately and maliciously and that he suffered an actual injury.  See Lewis, 518 U.S. at 353.

To establish an actual injury, the petitioner must show that the respondents took or were responsible for actions that hindered his efforts to pursue a meritorious legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002)).  The cause of the injury must be the inadequacy of the method of access.  See Lewis, 581 U.S. at 351.  For example, the petitioner can establish an actual injury by providing evidence "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or that he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate.  Id.  However, the Supreme Court has specifically disclaimed any right to conduct research to discover grievances or to litigate effectively once the claim was filed.  See id. at 354.

The petitioner alleges that the respondents have examined his legal papers, confiscated his dictionary and removed his legal papers from his cell,

returning only some of them. To state a claim for denial of access to the courts, the petitioner would have to show that his petition was dismissed as a result of these specific actions. See Jenkins v. United States, 386 F.3d 415, 417 (2d Cir. 2004) (Article III standing required causal connection between injury and conduct complained of that is likely to be redressed by a favorable decision). In addition, the petitioner must show that the respondents acted deliberately and maliciously. This is not an easy standard to meet. See, e.g., Smith v. O'Connor, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (court dismissed claim for denial of access to the courts based on allegation that defendants deliberately searched his cell and destroyed "law work" because "[a]t best, plaintiff's allegation that his 'law work' was destroyed supports the conclusion that he was temporarily inconvenienced by the loss of his papers"); Howard v. Leonardo, 845 F. Supp. 943, 946-47 (N.D.N.Y. 1994) (denial of access to courts claim based on confiscation of typewriter containing reply brief in its memory which caused inmate to miss a court deadline in his habeas corpus proceeding, resulting in the dismissal of his petition, was not cognizable because inmate had an opportunity to rectify the situation by contacting his attorney to file the brief or seeking an extension of time and was able to refile his petition).

The Court concludes that petitioner has failed to show that he has been denied his constitutional right of access to the courts. The petitioner has filed his federal habeas petition. Once the respondents file their response, the Court will consider the merits of the petition. The petitioner is not required to file any

additional documents and the petition has not been dismissed for a procedural or technical reason.  Thus, the petitioner's motion is denied without prejudice.

## II.  Motion to Amend [Doc. #4]

The petitioner next moves to amend his petition.  He attaches one page omitted from his original 162 page petition and asks the court to add this page as exhibit #A-77B, or page 5 of 6 of his state court statement of preliminary issues on appeal.  The exhibit purports to list 38 issues that the petitioner raised in his state appeal.

The petitioner's request is granted.  The Court will consider the additional page attached to the motion when it reviews the petition.

## III.  Motion for Appointment of Counsel [Doc. #6]

Finally, the petitioner seeks appointment of pro bono counsel in this habeas corpus action pursuant to 28 U.S.C. § 1915.  Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary.  See Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts, 18 U.S.C. § 3006A(a)(2)(B).

The respondents have not yet filed their response.  The petitioner need not file any other documents and the Court determines that an evidentiary hearing is not required at this time.  Thus, appointment of counsel is not warranted.

In addition, before appointment of counsel pursuant to section 1915 is warranted, the petitioner must demonstrate that his claims likely possess merit.

See Cooper v. A. Sargenti Co., 877 F. 2d 170, 171 (2d Cir. 1989) (cautioning the district court against appointing counsel where a litigant's "chances of success are extremely slim").

The petitioner argues that he did not violate probation.  He contends that his former companion falsely accused him of assault, leading to his arrest. Although he has attached to his petition copies of several police reports, court decisions and motions he filed in state court, the petitioner has provided no evidence to support his claims other than his version of the events underlying his arrest and ultimate conviction for violation of probation.  In addition, because the standard of proof at a criminal trial is different from the standard at a probation revocation hearing, the fact that a criminal defendant was found not guilty of charges that were the basis for the charge of violation of probation does not necessarily mean that the defendant did not violate a condition of his probation. See State v. Blake, 108 Conn. App. 336, 357-58, 947 A.2d 998, 1010-11, aff'd, 289 Conn. 586, 958 A.2d 1236 (2008).  The Court concludes that the current record, consisting only of the petition and attached documents, does not demonstrate that the petitioner's claims likely have merit.

Accordingly, the petitioner's motion for appointment of counsel is denied without prejudice.  The petitioner may renew his motion if an evidentiary hearing is scheduled in this matter.

### IV. Conclusion

The petitioner's motions for relief and remedy [Doc. #3] and for appointment of counsel [Doc. #6] are  DENIED without prejudice.  The petitioner's motion to amend [Doc. #4] is GRANTED.  The Court will consider the additional exhibit page when reviewing the petition.  The respondents are directed to consider this additional page when responding to the petition.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  March 5, 2010.