UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY WAYNE OLIPHANT  :  | |
| : | PRISONER |
| v.  :  | Case No. 3:09cv1771(VLB) |
| : | |
| WARDEN ANGEL QUIROS, et al.  :  | |

**RULING ON PETITIONER'S MOTION FOR RECONSIDERATION [Doc. #14]**

Petitioner seeks reconsideration of the Court's order granting respondents an extension of time, until March 31, 2010, to file their response to the petition for writ of habeas corpus. For the reasons that follow, petitioner's motion is denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007). A party cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

Petitioner argues that the court failed to address his memorandum in

opposition to respondents' motion.  The Court granted respondents' motion on December 9, 2009, one day before petitioner's memorandum reached the court and five days before it was entered on the docket.  Thus, the memorandum was not available to the Court before it issued the ruling.

Petitioner argues that respondents' motion for extension of time violates Article I, Section 9, Clause 2 of the United States Constitution, which provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  Suspension of the writ occurs by Congressional action, not by motion filed by respondent.  The Northern District of Texas addressed this same issue and held that the court did not suspend the writ of habeas corpus by not requiring respondent to show cause why the relief requested in the petition should not be granted within the strict time limits in 28 U.S.C. § 2243.  See Beaird v. Joslin, No. 3:05-CV-1833-K (BH), 2006 WL 2473338, at *2-*3 (N.D. Tex. Aug. 11, 2006) (report and recommendation adopted by 2006 WL 2459378 (N.D. Tex. Aug. 22, 2006)).

The Northen District of Texas noted that section 2243, enacted in 1948, requires a response to the petition within three days or, if good cause is shown, at most twenty days.  In 1976, however, the Supreme Court enacted the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Rules).  Habeas Rule 4 provides that the judge may order a response to the petition "within a fixed time."  Habeas Rule 11 permits application of the Federal Rules of Civil Procedure in habeas cases if not inconsistent with the Habeas Rules.

Similarly, Rule 81(a)(4), Fed. R. Civ. P., states that the Federal Rules of Civil Procedure apply to habeas corpus proceedings for all practices not specified in any federal statute or the Habeas Rules. The enabling legislation, pursuant to which the Habeas Rules were promulgated, 28 U.S.C. § 2072, provides that the rules supplant any laws in conflict with the rules. Thus, the Northern District of Texas concluded that the Habeas Rules supplanted the strict time limits in section 2243. Id. (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)).

This Court agrees with the reasoning of the Northern District of Texas. The respondents have been ordered to respond to the petition within a fixed time as required by Habeas Rule 4. Motions for extension of time are not specifically addressed in the Habeas Rules and, therefore, are governed by the Federal Rules of Civil Procedure. The Court determined that the respondents had demonstrated good cause for their request. Thus, the request was properly granted.

Petitioner also argues that the respondents, by their motion, have made misrepresentations to and perpetrated a fraud upon the court. In the motion for extension of time, the respondents summarized the background of this case including petitioner's conviction for violation of probation and his pending state habeas petition. Petitioner confirms that the state petition, although consolidated with three of his other state habeas petitions, remains pending. The respondents also identified the other obligations of counsel necessitating the extension of time. Petitioner has not identified in his opposition or in this motion for reconsideration any facts overlooked by the court in granting the extension of time. The fact that

petitioner's state habeas case is scheduled for trial a few days before the response date in this case does not show that any of the respondents' statements were false or fraudulent.

Petitioner's motion for reconsideration [Doc. #14] is DENIED.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 18th day of May 2010.