UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ANTHONY WAYNE OLIPHANT** | : | |
| | : | **PRISONER** |
| v. | : | Case No. 3:09cv1771(VLB) |
| | : | |
| **WARDEN ANGEL QUIROS, et al.** | : | |

**RULING DENYING THE PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Doc. #12]**

Petitioner seeks entry of a temporary restraining order and preliminary injunction that he receive mental health treatment and be transferred out of Northern Correctional Institution. For the reasons that follow, the petitioner's motion is denied.

To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. Id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

In this action, petitioner challenges the constitutionality of his conviction for violation of probation. Petitioner seeks preliminary injunctive relief on claims concerning conditions of confinement, retaliation and denial of mental health

treatment. These claims are not raised in the petition. Thus, the relief requested in this motion is not related to the claims raised in the petition and the motion for preliminary injunctive relief is denied.

In addition, habeas corpus is the proper mechanism to challenge the legality of confinement; a request for immediate or more speedy release from custody is the traditional purpose for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). A civil right action pursuant to 42 U.S.C. § 1983 is the proper method to challenge conditions of confinement. See id. at 498-99 & n.14 (distinguishing section 1983 actions from section 2254 habeas actions, but noting that additional and unconstitutional restraints imposed during lawful custody may be challenged in a habeas corpus proceeding); see also Heck v. Humphrey, 512 U.S. 477, 481-82 (1994) (a prisoner's action challenging the validity or length of confinement must be brought in a habeas corpus action, but a challenge to conditions of confinement should be brought under section 1983 so long as the relief sought does not have the effect of invalidating the underlying conviction).

Other courts considering similar claims have found them not cognizable in a habeas corpus proceeding. See, e.g., Levi v. Holt, 193 Fed. Appx. 172, 174 (3d Cir. 2006) (holding that challenge to conditions of confinement in special housing unit and claims of retaliation by prison staff are not cognizable in a habeas corpus action because they do not challenge the fact or duration of confinement); Pritchett v. Roberts, No. 08-800-ST, 2008 WL 2951097, at *1 (D. Or. Jul. 24, 2008) (conditions of confinement claims relating to access to law library and quality of cell cannot be

raised in a habeas corpus action); Black v. Banks, No. 1:07CV1159-HSO-RHW, 2008 WL 3200679, at *2 (S.D. Miss. Jul. 17, 2008) (claims regarding conditions of confinement, including retaliation, tampering with mail and denial of access to the courts, are not appropriate in a section 2254 habeas petition); Kelly v. Farquharson, 256 F. Supp. 2d 93, 102-03 (D. Mass. 2003) (holding that claims concerning repeated transfers between facilities, deprivation of legal materials as well as claims challenging quality and nature of treatment in light of allegations of possible mental health problems are based solely on conditions of confinement and are not the proper subject of a federal habeas petition).

The Court notes that petitioner has filed a civil rights action against, inter alia, Department of Correction officials.  See Oliphant v. Villano, et al., No. 3:09cv862 (JBA).  In that case, petitioner asserts various claims relating to the conditions of his confinement at Northern Correctional Institution and retaliation by various correctional staff members. Two months before filing the instant motion, petitioner filed a nearly identical motion [Doc. #10] for temporary restraining order and preliminary injunction in the civil rights case which was denied on February 11, 2010 [Doc. 17].  The Court concludes that the Petitioner already is litigating these issues in the previously filed civil rights case.  Thus, even if petitioner's claims were proper in a habeas corpus action, they would be dismissed.  See Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) (holding that plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time").

Petitioner's motion for temporary restraining order and preliminary injunction [Doc. #12] is DENIED.  Petitioner should continue to address these issues in his civil rights action.

                                    **IT IS SO ORDERED.**

                                      /s/
                                  **Vanessa L. Bryant**
                                  **United States District Judge**

**Dated at Hartford, Connecticut this 18th  day of May 2010.**