UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY OLIPHANT,
    Petitioner,

v.                                         Case No. 3:09CV1771 (VLB)

WARDEN ANGEL QUIROS and
RICHARD BLUMENTHAL,
    Respondents.

## MEMORANDUM OF DECISION GRANTING THE RESPONDENTS' MOTION TO DISMISS [Doc. #20]

The Petitioner, Anthony Oliphant, an inmate confined at the Northern Correctional Institution in Somers, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for violation of probation. The Respondents move to dismiss the petition on the ground that the Petitioner has not exhausted his state remedies as to all grounds for relief. For the reasons that follow, the Respondents' motion should be granted.

I.      Procedural Background

In June 1995, the petitioner was convicted of first degree larceny for committing welfare fraud. He was sentenced to fifteen years incarceration, execution suspended after seven years, followed by five years probation. See Resp'ts' Mem. App. A., October 26, 2007 Transcript of oral decision in violation of probation proceeding, at 79. The Petitioner began serving the probationary period on August 30, 2002. See id.

While on probation, the petitioner was arrested by Hamden, Connecticut, police officers pursuant to an arrest warrant issued for an alleged assault on his girlfriend. The arrest and the Petitioner's actions prompting the arrest resulted in the charge of violation of probation. See id. at 81-82, 84-85 & App. C, Record on Appeal, at 4-5. The Petitioner was convicted of the charge.

On direct appeal, the Petitioner challenged his conviction for violation of probation on four grounds: first, that the trial court improperly restricted his cross-examination of the complaining witness; second, that the trial court refused to grant his motion to exclude evidence pursuant to apply the exclusionary rule; third, that the trial court concluded that there was sufficient evidence to determine that he had violated probation; and fourth, that the trial court improperly revoked his probation. See State v. Oliphant, 115 Conn. App. 542, 544, 973 A.2d 147, 149 (2009). The Connecticut Appellate Court affirmed the trial court's decision revoking the petitioner's probation. See id. at 555, 973 A.2d at 156. The Connecticut Supreme Court denied the petitioner's petition for certification. See State v. Oliphant, 293 Conn. 912, 978 A.2d 1113 (2009).

The Petitioner also has filed numerous state habeas petitions challenging his conviction for violation of probation. In his objection to the Respondents' motion for extension of time, the Petitioner states that four state habeas petitions were consolidated under the case number CV08-4002357 and that the case was scheduled for trial on March 26, 2010. See [Doc. #13, pg. 5]. The trial has not yet taken place. The state court docket reveals that the Petitioner's cases are still pending and his

attorney has moved to withdraw his appearance. See <u>Oliphant v. Warden, State Prison</u>, No. TSR-CV08-4002357-S (Conn. Super. Ct.) (http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV084002357S (last visited July 26, 2010)).

II. <u>Discussion</u>

In this petition, the Petitioner identifies four grounds upon which he challenged his conviction for violation of probation. Each ground, however, includes multiple claims. In his first ground, the Petitioner states that his conviction is unconstitutional because his arrest was illegally initiated; the arresting officer was acting outside his jurisdiction; he was denied the opportunity to post bail before sentencing and, once set, the bail was excessive; he was kept isolated to guarantee his silence; he was denied equal protection; and he was denied access to a law library. Pet. at 33 (printed page 9). In his second ground, the Petitioner alleges that the state court failed to enforce the Supremacy Clause because the arresting officer lacked legal authority or jurisdiction; Hamden and New Haven police officers conspired to illegally arrest him and violate his First Amendment rights; and the trial court stated that the United States Constitution did not apply to the Petitioner's case. Pet. at 35 (printed page 11). The third ground asserts a claim of violation of double jeopardy or a sham prosecution because the arresting officer lacked legal authority to arrest him; the arrest warrant was signed by a non-existent state prosecutor; all criminal charges underlying the violation of probation conviction were dismissed;

and the state court permitted the Petitioner's private attorney to withdraw from the case. Pet. at 37 (printed page 13). Finally, in the fourth ground, the Petitioner contends that he was denied his Sixth Amendment right to counsel because the state court permitted the Petitioner's third private attorney to withdraw; appointed a public defender absent the Petitioner's request; denied the Petitioner the opportunity to cross-examine the alleged victim; and violated his right to a speedy trial. Pet. at 39 (printed page 15).

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires district courts to conduct a two-part inquiry. First, a Petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

The Petitioner must present the state courts with the facts and legal theories supporting his claims. "[A] general appeal to a constitutional guarantee as broad as due process [is insufficient] to present the 'substance' of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 163 (1996). Thus, if a Petitioner merely identifies a general federal constitutional right without asserting facts in the state court showing that the right was violated, he has not exhausted his state remedies. Accord Galdamez, 394 F.3d at 74-75 (holding that petitioner had not fairly presented claims to state appellate court where claims were referenced in the appellate brief

4

but not identified as grounds for appeal).

If a petitioner asserts a claim on both state and federal grounds, he must alert the state courts to both grounds. He cannot assert a state law claim and assume that the state court will also presume he asserts a federal claim. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).

The claims included in this petition are the same claims that the Petitioner raised in a prior federal habeas corpus action. See Oliphant v. McGill et al., No. 3:09cv557(WWE) (D. Conn. Aug. 14, 2009). That case was dismissed because the petitioner had not exhausted his state court remedies and failed to identify any reason why he was unable to do so. See 3:09cv557 [Docs. ##16, 27].

In responding to questions on his petition form regarding whether he exhausted his state court remedies on the noted grounds for relief, the Petitioner states "circumstances exist that render such process ineffective to protect the rights of the petitioner." Pet. at 33, 35, 37, 39. Neither in the Petition nor in his opposition to the Defendant's motion to dismiss, does the Petitioner explain why he cannot present his claims in the state court in a timely manner. Instead, the Petitioner argues that his claims have been properly exhausted because he included the instant claims in his "Preliminary Statement of Issues For Appeal / Application For Waiver of Fees, Costs And Expenses And Appointment of Counsel on Appeal." [Doc. #30, pg 3].

The Petitioner is mistaken for two reasons. First, the fact that he included many claims in his preliminary statement does not demonstrate that the claims were

presented to the Connecticut Court of Appeals for its consideration. The Petitioner concedes that he was appointed appellate counsel and that counsel briefed only four issues. Failure to brief all issues rendered the issues abandoned. See Avella v. Avella, 39 Conn. App. 669, 670 n.1, 666 A.2d 822, 823 n.1 (1995) (court treats as abandoned any issue not briefed by appellant). Thus, the issues were not fairly presented to the appellate court. Second, even if inclusion of the issues in a preliminary statement could be considered sufficient, the Petitioner fails to demonstrate that he presented all of these claims to the Connecticut Supreme Court in his petition for certification. To satisfy the exhaustion requirement, the Petitioner must have presented all claims to the Connecticut Supreme Court, the highest state court capable of reviewing his claims. See Galdamez v. Keane, 394 F.3d at 73-74.

The Petitioner has not exhausted his state court remedies on any of his grounds for relief.[1] Accordingly, the Respondents' motion to dismiss is granted.

III. Conclusion

Respondents' motion to dismiss [Doc. #20] is GRANTED. The Petitioner may file a federal habeas petition challenging his conviction for violation of probation after he exhausts his state court remedies on all grounds for relief.

---

[1]The petitioner asserts one claim that is factually similar to a claim raised on direct appeal. As part of his fourth ground for relief, he argues that he was denied the opportunity to cross-examine the victim/complaining witness. The petitioner asserted this claim on direct appeal as an abuse of the court's discretion. In this petition, he characterizes the claims as denied of his Sixth Amendment right to counsel. Because the petitioner did not characterize the claim the same way on direct appeal as he does in this petition, the claim is not exhausted. See Duncan v. Henry, 513 U.S. at 366 (holding that petitioner must present federal law basis for claim in state court as well as in federal court).

Because reasonable jurists would not find it debatable that the Petitioner failed to exhaust his state court remedies on all grounds for relief, a certificate of appealability will not issue. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment and close this case.

                      IT IS SO ORDERED.

                  /s/
                Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut, July 27, 2010.