UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY OLIPHANT,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:09CV1771 (VLB) |
| WARDEN ANGEL QUIROS and<br>RICHARD BLUMENTHAL,<br>    Respondents. | :<br>:<br>:<br>:<br>: |

### RULING ON MOTION TO ALTER OR AMEND JUDGMENT [Doc. #34]

On July 27, 2010, the Court granted the respondents' motion to dismiss the petition for writ of habeas corpus on the ground that the petitioner had not exhausted his state court remedies on any ground for relief contained in the petition. The petitioner now asks the court to reconsider its decision and alter or amend the judgment on the ground that the Court failed to liberally construe his grounds for relief. For the reasons that follow, the petitioner's motion is denied.

The petitioner states that he brings this motion pursuant to Federal Rules of Civil Procedure 59(e), 60 and 60(b).[1] Judgment entered on July 27, 2010. The petitioner's motion was received on August 4, 2010, within the fourteen day period allowed for filing a motion for reconsideration. Thus, the motion was received in sufficient time to be considered under Rule 59(e).

---

[1]The petitioner also states that he brings this motion pursuant to Federal Rules of Civil Procedure 7(b) and 11(b) as well as Local Rule 7. These rules contain procedural requirements applicable to all motions and are not related to a specific type of relief as are Rules 59 and 60.

Motions seeking reconsideration of a judgment will be denied unless the moving party identifies controlling decisions or facts that the Court overlooked. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A request for reconsideration pursuant to Rule 59(e) affords the Court "an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." See U.S. ex rel. Drake v. Norden Sys, Inc., No. 3:94cv963(EBB), 2003 WL 23319386, at *1 (D. Conn. Jun. 17, 2003)(citation omitted) (reversed in part on other grounds by U.S. ex rel. Drake v. Norden Sys., Inc., 375 F. 3d 248 (2d Cir. 2004)).

Petitioner argues that the Court misconstrued his fourth ground for relief. He contends that the Court should have construed this ground to assert the same claim as did his factually similar ground on direct appeal

The fourth ground for relief states: "Denied 6th Amendment Rights of United States Constitution." As supporting facts, the petitioner includes:

> 57.) Court (Vitale, J.) illegally allowing withdrawal of 3rd private attorney, 7/9/07, without prior required notice.
> 58.) Illegally appointed a Public Defender: atty. Omar Williams, by the Court (Vitale, J.), 9/24/07, without request/application.
> 59.) Denied opportunity to confront or cross-examine alleged victim: Rhonda Dixon, who'd known of probation status.
> 60.) Denied request for "Speedy Trial" by Warden James Dzurenda, 12/18/06, of Garner Correctional Institution.
> 61.) V.O.P. - Trial was not convened "without delay" as is mandated by Conn. Gen. Stat. § 53a-32, but convened days short of 1-year.
> 62.) As a result the petitioner was prejudiced.

Pet. Writ of Habeas Corpus at 39.

On direct appeal, the petitioner argued that the trial court abused its discretion in not allowing him to cross-examine the complaining witness. The appellate court considered the issue under state evidentiary law, the only ground upon which the petitioner had objected to the ruling at trial. The appellate court noted that although the petitioner stated that the trial court's ruling deprived him of his right to confront the witness under the state and federal constitutions, he did not brief the claim. Thus, the appellate court considered the claim abandoned. State v. Oliphant, 115 Conn. App. 542, 547-48 & n.5, 973 A.2d 147, 151-52 & n.5 (2009).

In the July 27, 2010 ruling, the Court noted that the part of the fourth ground for relief, the assertion that the petitioner was denied the opportunity to cross-examine the victim, was factually similar to a claim on direct appeal. The Court concluded, however, that the claim was not exhausted because the petitioner did not present the same legal claim in state and federal court. Mem. Decision Granting Resp't's Mot. Dismiss, at 5-7.

The petitioner clearly asserted a Sixth Amendment claim in his federal petition. If the Court had construed the claim as the petitioner now argues it should have, the petitioner would have been disadvantaged. The petitioner has a right to file only one federal habeas petition. Before he can file a second or successive petition, he must obtain permission from the Court of Appeals. See 28 U.S.C. § 2244(b). Thus, the construction the petitioner now seeks could prevent him from obtaining federal review of the claim clearly stated in the

petition.

In addition, the liberal construction afforded pro se petitions requires the Court to read pro se allegations "to raise the strongest arguments they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted). A state evidentiary ruling is not cognizable in a federal habeas action. See McKinnon v. Superintendent, Great Meadow Correctional Facility, 355 Fed. App'x 469, 472-73 (2d Cir. 2009) (noting that "[u]nder Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review"). The only way the petitioner would be able to obtain federal review of the claim would be to show that the ruling affected the fundamental fairness of the trial, a difficult standard to meet. See id. at 473. Thus, the construction sought by the petitioner would not be a liberal reading of his petition. The motion to alter or amend judgment is denied.

The petitioner also brings this motion pursuant to Rule 60. The petitioner characterizes the decision as including an oversight or omission to warrant relief pursuant to Rule 60(a). As discussed above, the Court neither overlooked nor omitted a challenge to the petitioner's conviction. Thus, relief pursuant to Rule 60(a) is not warranted.

Rule 60(b) provides several reasons to set aside a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

> (whether previously called intrinsic or extrinsic),
> misrepresentation, or other misconduct by an opposing
> party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The petitioner neither identifies the subsection upon which he bases his motion nor makes a separate argument under Rule 60(b). Thus, relief pursuant to Rule 60(b) is denied for the reasons stated above.

The petitioner's motion for reconsideration of, and relief from, the July 27, 2010 ruling [Doc. #34] is DENIED. The Court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

IT IS SO ORDERED.

/s/
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut, October 20, 2010.