UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Anthony Oliphant, | : | |
|     Petitioner | : | |
| | : | CASE NO. |
| v. | : | 3:09-CV-1771 (VLB) |
| | : | |
| Warden Angel Quiros and | : | |
| Richard Blumenthal, | : | July 18, 2011 |
|     Respondents | : | |

**<u>RULING DENYING DEFENDANT'S MOTION FOR RELIEF FROM, 7/27/2010, "MEMORANDUM OF DECISION GRANTING THE RESPONDENTS' MOTION TO DISMISS [DOC. #20]", DUE TO ERROR, NEWLY DISCOVERED INFORMATION, AND NO CORRECTIVE PROCESS EXISTING AT STATE LEVEL FOR PETITIONER</u>**

"Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order. D. Conn. L. Civ. R. 7(c). Petitioner did not file his motion for reconsideration until June 9, 2011, nearly one year after the court granted the defendant's motion to dismiss his case for failure to exhaust his state remedies. Thus, petitioner's motion for reconsideration [doc #13] is DENIED as untimely filed.

Secondly, reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX*

1

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F.Supp. 2d 87, 91 (D.Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 188 (2d Cir. 2007). Here the defendant's Motion for Reconsideration is accompanied by a Memorandum of Decision dated February 15, 2011, granting a Motion to Withdraw filed by his counsel in his state court proceeding. The court could not have overlooked that which did not exist at the time its decision was made.

Moreover, the defendant's case was dismissed as he had not exhausted his administrative remedies as his state court case was still pending. The decision accompanying his motion is recent and not final. Further, it suggests that the defendant's state court proceeding is still pending in the trial court and has not been finally decided. The Court takes judicial notice of the State of Connecticut Judicial Branch website posting of an order dismissing the case, entered on July 1, 2011. However no appeal has been taken as yet. Therefore, even if the motion were timely filed, relief should be denied as the petitioner has still not exhausted his state remedies.

As the court informed petitioner in its prior ruling, only after he fully exhausts his state court remedies, may he maintain a new federal habeas action. While the court appreciated the defendant's belief that efforts to address his issues in state court are futile, an insufficient showing has been made to support such a conclusion. *See* <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977) (finding that a *perceived* futility of exhausting state remedies cannot alone constitute cause for

deliberately bypassing state procedures), <u>Engle v. Isaac</u>, 456 U.S. 107 (1982) (following *Sykes* by reiterating that "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."), <u>Brown v. Wilmot</u>, 572 F.2d 404 (1978)(finding it not "appropriate for this court to guess what constitutional issues New York Courts will or will not entertain in a habeas proceeding . . . [and, therefore giving the state] courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." (citing <u>United States ex rel. Bagley v. LaVallee</u>, 332 F.2d 890, 892 (2d Cir. 1964) and <u>Kaplan v. Bombard</u>, 573 F.2d 708, 710 & n.1 (2d Cir. 1978))), <u>Colon v. Fogg</u> 603 F.2d 403 (2d Cir. 1979)(reversing and remanding petitioner's writ of habeas corpus in part because it would have been futile for petitioner to have raised his claim on direct appeal), <u>Stubbs v. Smith</u>, 533 F.2d 64, 68-69 (2d Cir. 1976)(finding exhaustion unnecessary where the court had summarily rejected co-defendant Salomon's identical ineffective assistance of counsel claim by the Appellate Division prior to Colon's state appeal.), <u>Clark v. Commonwealth of Pennsylvania</u>, 892 F.2d 1142, 1146 (3d Cir. 1989) (noting that the exhaustion requirement exists "to ensure that the state system was granted a fair opportunity to confront arguments that are propounded to the federal habeas courts."), <u>Hollis v. J.O. Davis</u>, 912 F.2d 1343, 1347 (11th Cir.1990)(finding "futility" to have been met where "the state court has unreasonably or without explanation failed to address

petitions for relief . . . [or w]hen a state admits the futility of further resort to its own courts, it waives the exhaustion requirement.").

Accordingly, the motion is DENIED.  The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  July 18, 2011.